WILLIAM B. LAWLER, APPELLANT, *v.* HORACE B. CLAFLIN, WILLIAM H. MELLEN, NATHANIEL F. MILLER, DAVID H. CONKLING, AND HENRY STONE.

Where proceedings were had in Minnesota for the sale of property mortgaged to secure a debt, and the judgment of the court below was, that the property should be sold, there appears to be no error in the judgment, and it must therefore be affirmed.

THIS was an appeal from the Supreme Court of the Territory of Minnesota.

The action was commenced in the District Court, second district, county of Ramsey, by Claflin and the other defendants in error, against Lawler and thirty-two other persons, who were claimants under Lawler.

The statutes of Minnesota abolished the distinction between the forms of action at law, and declared that there should be in the Territory but one form of action at law, to be called a civil action, for the enforcement and protection of private rights and the redress of private wrongs, except as otherwise expressly provided by statute. The only pleadings allowed on the part of the plaintiff were: 1, the complaint; 2, the reply or demurrer; and on the part of the defendant, the demurrer and answer. All equity and chancery jurisdiction, authorized by the original act of the Territory, shall be exercised, and all suits or proceedings to be instituted for that purpose are to be commenced, prosecuted, and conducted to a final decision and judgment, by the like process, pleadings, trial, and proceedings, as in civil actions, and shall be called civil actions.

Under this mode of practice, Claflin and the other defend-

ants in error, who were merchants of the city of New York, filed a complaint against Lawler, as mortgagor, to foreclose a mortgage given by him to them, upon property in St. Paul. The complaint claimed that the premises might be sold according to law.

It is not necessary to follow the proceedings under this new mode of practice. Suffice it to say that Lawler answered, and the plaintiffs replied. A jury trial was waived in open court by the attorneys for the plaintiffs and defendants, and the cause was tried before the judge. The defendants then moved to dismiss the action for certain reasons, but the motion was overruled. They then offered depositions which were objected to, but allowed to be read for certain purposes; after which, the plaintiffs offered some depositions which were objected to, but allowed to be read. Other evidence was offered by the plaintiffs, which was objected to, but received; upon which state of the case, the judge decreed that Lawler executed the note and mortgage, and was indebted to the plaintiffs in the amount claimed.

No bill of exception was taken during the progress of the trial, but the whole case went up to the Supreme Court of the Territory. That court made the following remarks in the course of its opinion:

"A jury trial was waived, and the cause was tried by the court.

"The court rendered a judgment of foreclosure in favor of the plaintiffs, and made the usual order directing a sale of the mortgaged premises.

"From the judgment, an appeal has been taken to this court.

"The paper books furnished to the court contain not only the judgment roll, including properly the decision of the court below, but also the evidence in the case. The cause has been argued as though the evidence was properly before this court; but this is a mistake.

"In this case, it is true that the evidence consisted wholly, or nearly so, of depositions; but there is no more propriety in sending up written than oral testimony, and we have no right to look beyond the record in the case.

" The record consists of the pleadings, the decision of the judge, and the judgment.. The question, then, is, does the record show any error of law?

"No error has been assigned, and none appears in the record, unless it appears in the decision of the court below.

" The decision is something more than a general verdict. Perhaps any error disclosed by the decision, although such decision may contain more matter than is required by the statute, may be noticed. The true course, I apprehend, however, is for the party to take his exceptions to every ruling, in the same manner as in a jury trial, unless such ruling will form a legitimate part of the decision, or the error, if any exist, will appear in the pleadings."

It was stated in the outset of this report that the case was brought up to this court by appeal, and not by writ of error.

It was argued by *Mr. Stevens*, upon a brief filed by himself, and *Mr. Brisbane*, for the appellant, and by *Mr. Gillet* for the appellees.

The counsel for the appellant founded his argument upon the theory that the whole case was before this court, evidence and all; whilst *Mr. Gillet* contended that the decision of the court, where a jury trial was waived, was conclusive as to all questions of fact, and that the absence of a bill of exceptions precluded all inquiry into questions of law, where the case should have been brought up by writ of error, and not by appeal.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the Supreme Court of the Territory of Minnesota.

The suit was brought on a mortgage executed the first day of October, 1852, by Ann Curran, the duly-authorized attorney in fact of William B. Lawler, conditioned for the payment of the sum of four thousand dollars, being part of lot three, in block thirty, in the town of St. Paul, forming an oblong square, forty-two feet on Third street by eighty feet

on Roberts street. This mortgage was duly recorded on the day subsequent to that of its execution.

This mortgage, it was alleged, was executed to secure a sum of money then due to the plaintiffs, and which was likely to become due, in the further purchase of merchandise from the plaintiffs by the defendant. The plaintiffs accepted the mortgage, as security for purchases to be made, or any debts which the firm of Curran & Lawler might subsequently owe the firm.

The understanding and agreement between the parties was, that the mortgage was to be held by plaintiffs as a pledge or collateral security, and, was not to be cancelled or delivered up until all purchases which Curran & Lawler might make, and which might become due at any time within the year— that is, before the first of October, 1853. So long as anything should remain due on such purchases, the indebtment was to be considered and deemed secured by the mortgage.

The payment of the note and mortgage, as alleged by Curran & Lawler in their answer, is denied; and it is stated that the amount of indebtment on the note and mortgage, at maturity, was upwards of five thousand dollars.

It is difficult to determine the character of the loose papers certified from the Supreme Court of Minnesota to this court. They have neither the form nor the substance of a record. The papers seem to be thrown together, as much by accident as design; and one can scarcely gather any special object in reading the transcripts. It would seem that neither certainty nor order can be extracted from these papers, and that some form should be adopted by which the pleadings should be stated, and the points controverted, whether of fact or of law. Many objections are made to questions propounded to witnesses, but no exceptions seem to have been taken.

A jury seems to have been waived, and the facts were submitted to the court. In such a case, the question of law arising on the facts would appear to have been decided by the court. Still, no exception is taken. In fact, there seems to be nothing for this court to try, except the validity of the mortgage and the fact of its discharge. And, even in this

matter, the evidence is in conflict, and it is difficult to decide the point disputed.

The mortgage was for four thousand dollars, and was to stand as a security for the balance due the plaintiffs; and in this way it was intended to give an additional credit to the company. From the manner in which the mortgage was treated, it appears to have been designed as a standing guaranty for the sum named.

And, in the language of the court, the said "action having come on to be heard at the May term of the District Court of Ramsey county, upon the complaint of the plaintiffs and the answer of the said William B. Lawler, before the presiding judge of said court, a jury trial therein having been waived by the respective parties, the same having been decided in favor of the plaintiffs, and that there is due on the notes and mortgage upon which the action is brought the sum of four thousand four hundred and ninety-five dollars and forty cents, with interest from the 4th October, 1853, amounting in all to $5,084.07; and, on motion, it was ordered, adjudged, and decreed, that the mortgaged premises, or so much thereof as may be necessary, be sold by the sheriff for the payment of the mortgage; and it is further ordered, adjudged, and decreed, that the defendants, and all persons claiming under them, be forever barred," &c.

On the appeal of Lawler and others from the District Court of Ramsey county to the Supreme Court of the Territory, "the matters at issue in this cause having been fully considered, it appears to this court that, in the proceedings, decree, and judgment thereon, in the District Court of Ramsey county, to this court appealed from, there is no error. It is therefore ordered that said decree and judgment be in all things affirmed, with costs," &c.

From this last decree there is an appeal now pending before this court.

In looking into the facts of this case, it does not appear that the merits are changed by the views taken by the District Court of Ramsey county, or by the decision of the Supreme Court of the Territory.

The evidence is against the discharge of the mortgage. After the amount claimed under the mortgage, there is still a balance due the plaintiffs on general account.

Upon the whole, the decree of the Supreme Court of the Territory is affirmed; and the cause is remitted to the Supreme Court of the State of Minnesota, to be carried into effect as the law authorizes.